Brenna E. Erlbaum (SBN: 296390)
**HEIT ERLBAUM, LLP**
501-I South Reino Rd #344
Newbury Park, CA 91320
[phone]: (805) 231.9798
Brenna.Erlbaum@HElaw.attorney

Nicholas Ranallo, Attorney at Law #275016
2443 Fillmore Street #380-7508
San Francisco, CA 94115
Telephone No.: (831) 607-9229
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Defendant

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

### San Francisco

| | |
|---|---|
| MALIBU MEDIA, LLC, | Case Number: 3:15-cv-04152-WHA |
| vs. | **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |
| JOHN DOE subscriber assigned IP address 24.5.36.86 | |
| Defendant. | |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

1

1. Jurisdiction & Service

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (district courts having subject matter jurisdiction over matters dealing with a federal question) and 28 U.S.C. § 1338 (district courts having subject matter jurisdiction over matters dealing with patents, copyrights, and trademarks). No issues regarding persona jurisdiction or venue exist. No parties remain to be served.

2. Facts

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Plaintiff has sued Defendant for direct copyright infringement of thirty five [35] of Plaintiff's copyrighted movies, pursuant to 17 U.S.C. §§ 106 & 501, based on Defendant's actions of illegally downloading Plaintiff's works through use of the BitTorrent File Distribution Network. Defendant denies such infringement.

DEFENDANT:

As noted above, Defendant denies the infringements in this matter and, additionally, does not concede that Plaintiff is the owner of each work at issue in this matter.

3. Legal Issues

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiff has alleged that Defendant Used the BitTorrent File Distribution Network to Infringe Plaintiff's Copyrights. It is Plaintiff's position that Defendant is a persistent online infringer of Plaintiff's copyrights who copied and distributed at least one large zip file containing multiple separate movies owned by Plaintiff. This zip file is known as a "siterip," and it contains a significant percentage of movies available on Plaintiff's website.

DEFENDANT

As noted above, Defendant denies infringing Plaintiff's works and does not believe that Plaintiff can legally establish the same. In addition, Defendant has proffered numerous affirmative defenses to liability in this matter.

4. Motions

*All prior and pending motions, their current status, and any anticipated motions.*

Currently, there are no pending motions. However, Plaintiff anticipates filing a motion to strike Defendant's affirmative defenses. Previously, Plaintiff moved for early discovery to subpoena Defendant's Internet Service Provider in order to learn Defendant's identity. The Court granted the motion. *See* CM/ECF 12.

5. Amendment of Pleadings

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

If needed, the parties will file motions to amends the pleadings and add parties to this case, and will do so on or before **April 24, 2016**.

DEFENDANT

Defendant reserves the right to amend his answer as a matter of right, per Fed. Rule Civ. Proc. 15, whether in response to a motion to strike or not.

3

6. <u>Evidence Preservation</u>

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

Plaintiff's Position:

The parties acknowledge that they are required to preserve relevant electronically stored information. The parties agree that their preservation obligations arise independently in law and equity, and do not require the entry of any order preserving documents and things from destruction or alteration.

Plaintiff anticipates that the claims or defenses in this case will involve extensive electronically stored information, and that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Plaintiff's position is that Defendant must preserve, and must immediately take efforts to prevent the destruction, expiration, deletion, overwriting, concealment, or modification (even if such data would otherwise expire, be deleted or overwritten, concealed, or modified in the normal course of business, including through the termination of user accounts) of Electronically Stored Information ("ESI") reasonably related to this litigation in Defendant's possession, custody, or control. This includes preservation of all the following:

a. Defendant's laptops, desktops, tablets, external storage devices, portable hard drives, external hard drives, Network Attached Storage, USB (thumb) drives, and any other device which can be used to connect to the internet, download media files, or store electronic data (collectively, "Hard Drives"). Defendant can achieve preservation by retaining an expert to create forensically sound images of Defendant's Hard Drives or not engaging in any of the following activities: (1) deleting any data within any of Defendant's Hard Drives; (2) using data

4

shredding, overwriting, or wiping applications; (3) defragmenting any Hard Drives; (4) re-imaging or replacing drives; (5) compressing a Hard Drive; (6) deleting internet cookies; (7) deleting browser history and favorites; (8) running any "disk clean-up" processes; (9) installing and uninstalling software on any Hard Drive; (10) updating an operating system on any Hard Drive; and/or (11) taking any actions inconsistent with Defendant's preservation obligations for electronically stored information or computer Hard Drives;

    b.    All contents of any third party cloud storage service such as Amazon Cloud Drive, Apple iCloud, DropBox, Google Drive, MediaFire, Mega, Microsoft SkyDrive, OneDrive, SpiderOak, and Ubuntu One; and

    c.    Defendant's modem and router used in his home during the period of recorded infringement.

    d.    All emails, notifications, or correspondence from Defendant's Internet Service Provider ("ISP") to Defendant under the ISP's Copyright Alert System ("CAS").

    e.    All emails, notifications, or correspondence from Defendant's Internet Service Provider to Defendant regarding a DMCA notice.

In discovery, Plaintiff will be requesting complete forensically sound copies of Defendant's Hard Drives, preferably in EnCase E01 format. If examination of Defendant's Hard Drives reveal evidence of spoliation, Plaintiff's position is that examination should further include the restoration or recovery of deleted files or fragments. Nothing in this plan precludes Plaintiff from an award of costs should it succeed at trial.

Plaintiff will be producing: (a) one PCAP for each copyrighted work infringed; (b) the .torrent files; (c) the computer media files that correlate to each of the .torrent files downloaded and distributed by Defendant; (d) any technical reports for the PCAPs produced; (e) original version of the Infringed Works (control copies); (f) MySQL log file in excel or PDF; and (g) Additional Evidence of Third-Party downloads in excel or PDF. The PCAPs, .torrent files, computer media files, and technical reports will be produced in their native format and sent to

defense counsel on a DVD disk or USB drive. All other documents will be produced in readable form, either in excel (.xls) or PDF form.

The parties agree to the following claw back provision: In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned or destroyed. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return or destroy all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned or destroyed document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

DEFENDANT'S POSITION

Defendant believes that e-discovery in this matter should be conducted pursuant to the parties agreement, based upon this Court's Model Stipulation on E-Discovery, and does not concede that either Plaintiff or Defendant's obligations are accurately set forth in Plaintiff's statement, nor that Plaintiff's production obligations are in any way limited to the universe of documents nor the file formats specified by Plaintiff. Defendant likewise believes that protective orders/clawback provisions should be based upon the Northern District's Model Protective Order.

7. Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

Plaintiff's Position:

The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1), and will do so by no later than **March 24, 2016**.

Defendant's Position:

Defendant believes that initial disclosures should be completed by March 31, 2016, as in all other matters Defendant's counsel shares with Plaintiff.

8. <u>Discovery</u>

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

The parties currently intend to seek discovery with respect to all allegations contained in the Complaint and any amendments thereto, and in any Answer and Affirmative Defenses filed by Defendants.

**Plaintiff:**

In addition to the voluntary initial disclosures, Plaintiff intends to take Defendant's deposition, the deposition of persons identified by Defendant in his answers to interrogatories, Defendant's neighbors, and Defendant's Internet Service Provider.

**Defendant:**

Defendant intends to take discovery regarding the basis of Plaintiff's claims and the full gamut of its affirmative defenses, including Plaintiff's record-keeping compliance, compliance with applicable laws governing the production of pornography. Defendant likewise intends to take discovery regarding Plaintiff's claims of ownership of the subject works. Plaintiff intends to depose Brigham and Collette Field, Plaintiff's agents responsible for the collection and monitoring of IP addresses, and such other individuals as are identified in response to written discovery. Defendant will further seek depositions of the PMK re: the creation and distribution

of the works at issue, the person(s) responsible for enforcement of the relevant rights and the PMK responsible for building the technology allegedly used to detect infringement.

### 9. Class Actions

*If a class action, a proposal for how and when the class will be certified.*

Not Applicable.

### 10. Related Cases

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

Currently, all related cases in the Northern District of California are before the Honorable Judge Alsup.

### 11. Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

In its Complaint, Plaintiff requests that the Court:

1) Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works;

2) Order that Defendant delete and permanently remove the torrent files relating to Plaintiff's works from each of the computers under Defendant's possession, custody or control;

8

3)      Order that Defendant delete and permanently remove the infringing copies of the works Defendant has on computers under Defendant's possession, custody or control;

4)      Award Plaintiff statutory damages in the amount of $150,000 per infringed Work pursuant to 17 U.S.C. § 504-(a) and (c);

5)      Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

6)      Grant Plaintiff any other and further relief this Court deems just and proper.

Defendant:

Defendant will seek an award of attorney fees and costs pursuant to 17 U.S.C. §505. Defendant reserves the right to amend its answer to include counter-claims, and will seek such damages as may be appropriate to any added counterclaims.

12. <u>Settlement and ADR</u>

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties will discuss the possibility of settlement in this case. If a settlement is reached, the parties will promptly notify the Court of such.

Alternative Dispute Resolution:

The parties believe that this case would be best suitable for mediation after all discovery has been completed.

13. <u>Consent to Magistrate Judge For All Purposes</u>

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

9

Case No. 3:15-cv-04152-WHA

Plaintiff consents to the Jurisdiction of a United States Magistrate Judge on all non-dispositive matters. Defendant does not consent to the same.

14. Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

None

15. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

Not Applicable

16. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not believe that this matter is appropriate for expedited trial procedure.

17. Scheduling

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

PLAINTIFF

Plaintiff's Expert Reports Due on: **August 23, 2016**

10

Defendant's Expert Reports due on: **September 23, 2016**

Dispositive Motions will be filed no later than thirty [30] days after the close of discovery.

DEFENDANT:

Defendant proposes the following timeline for this action:

Plaintiff Expert reports: December 1, 2016

Defendant Expert report: January 1, 2017

Deadline for Expert Depositions: February 1, 2017

Completion of All Discovery: March 1, 2017

Deadline for Dispositive Motions: April 15, 2017

Pre-Trial Conference: June 14, 2017

TRIAL: July 17, 2017

18. Trial

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiff has requested a trial by jury and anticipates that the length of trial will be 3 days. Defendant believes a trial could take 3-5 days.

19. Disclosure of Non-party Interested Entities or Persons

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the*

11

*proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Plaintiff has filed its Certificate of Non-party Interested Entities or Person. *See* CM/ECF 3. Pursuant to Civil L.R. 3-15, the following listed persons, associations of persons, firms, partnerships, corporations or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: (1) Malibu Media, LLC - Plaintiff; financial interest (2) Colette Field - Co-owner of Malibu Media, LLC; financial interest in Plaintiff (3) Brigham Field - Co-owner of Malibu Media, LLC; financial interest in Plaintiff (4) John Doe - Defendant; financial interest (5) Brenna Erlbaum, Esq. - Attorney for Plaintiff; financial interest (6) Brian Heit, Esq. – Attorney for Plaintiff; financial interest.

DEFENDANT:

Defendant will file its statement forthwith, but states that there are no other interested entities or persons (apart from Defendant's family members, which may be indirectly affected, as in every case, pursuant to California laws regarding community property and/or succession).

20. Professional Conduct

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

None.

Dated: March 3, 2016						*/s/ Brenna E. Erlbaum*
								―――――――――――――――――
								Counsel for plaintiff


Dated: March 3, 2016						/s/Nicholas Ranallo
								―――――――――――――――――
								Counsel for defendant

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

UNITED STATES DISTRICT/MAGISTRATE JUDGE